JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | ED CV 11-1959 PA (SPx) | Date | December 20, 2011 |
|---|---|---|---|
| Title | Karen Trust # 23515 Dawg Pound Properties LP as Trustee v. Ana O'Connor, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Ana O'Connor ("Defendant") on December 12, 2011.  In its Complaint, plaintiff Karen Trust # 23515 Dawg Pound Properties LP as Trustee ("Plaintiff") alleges a single state law claim for unlawful detainer.  Defendant, who is appearing pro se, asserts that this Court has subject matter jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A "strong presumption" against removal jurisdiction exists.  Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).  In seeking removal, the defendant bears the burden of proving that jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law.  Removal based on § 1331 is governed by the "well-pleaded complaint" rule.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987).  Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318.  If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  Thus, plaintiff is generally the "master of the claim."  Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318.  "A case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption."  Id. at 393, 107 S. Ct. at 2430, 96 L. Ed. 2d 318 (emphasis in original).  The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law.  Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, the underlying Complaint only contains a single cause of action for unlawful detainer.  Defendant alleges that removal is proper because her defense to the Complaint is based on alleged

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| Case No. | ED CV 11-1959 PA (SPx) | Date | December 20, 2011 |
|---|---|---|---|
| Title | Karen Trust # 23515 Dawg Pound Properties LP as Trustee v. Ana O'Connor, et al. | | |

violations of the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"). Plaintiff also contends that the PTFA preempts Plaintiff's unlawful detainer claim.

Section 702(a) of the PTFA provides,

> In the case of any foreclosure on . . . any dwelling or residential property . . . any immediate successor in interest in such property pursuant to the foreclosure shall assume such interest subject to–
>
> (1) the provision, by such successor in interest of a notice to vacate to any bona fide tenant at least 90 days before the effective date of such notice; and
>
> (2) the rights of any bona fide tenant, as of the date of such notice of foreclosure –
>
>> (A) under any bona fide lease entered into before the notice of foreclosure to occupy the premises until the end of the remaining term of the lease, except that a successor in interest may terminate a lease effective on the date of sale of the unit to a purchaser who will occupy the unit as a primary residence, subject to the receipt by the tenant of the 90 day notice under paragraph (1); or
>>
>> (B) without a lease or with a lease terminable at will under State law, subject to the receipt by the tenant of the 90 day notice under subsection (1), . . . .

If a successor in interest violates the provisions of the PTFA, then a tenant may have a claim for the violation, but a successor in interest in a foreclosed property does not eject tenants by alleging a federal claim under the PTFA. The PTFA merely provides terms with which the successor in interest must comply. Accordingly, Defendant's position regarding the propriety of Plaintiff's unlawful detainer does not constitute a proper basis for removal, as neither a federal defense nor an actual or anticipated federal counterclaim forms a basis for removal. See Vaden v. Discover Bank, __ U.S. __, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009).

Furthermore, a case may not be removed based on the defense of pre-emption unless the federal claim has been disguised by "artful pleading." Given that a plaintiff cannot eject a tenant by asserting a claim under the PFTA, Plaintiff could not possibly have disguised a PFTA claim by artfully pleading it as a claim brought under state law for unlawful detainer.

For the foregoing reasons, Defendant has failed to meet the burden of showing that federal question jurisdiction exists over this action. Accordingly, because the Court lacks subject matter

**JS-6**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | ED CV 11-1959 PA (SPx) | Date | December 20, 2011 |
|---|---|---|---|
| Title | Karen Trust # 23515 Dawg Pound Properties LP as Trustee v. Ana O'Connor, et al. | | |

jurisdiction, this action is hereby remanded to the Riverside County Superior Court, Case No. TEC 1108941.  See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.